IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Boots Smith Oilfield Services, LLC, ) | Civil Action No. 0:11-cv-02166-JFA |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ANSWER OF** |
| ) | **UNIVERSAL ENSCO, INC.** |
| Patriot Energy Group and Universal Ensco, ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendant Universal Ensco, Inc. ("Universal Ensco") hereby submits its Answer to Plaintiff's Complaint as follows, denying all allegations not specifically admitted:

### FOR A FIRST DEFENSE TO SECTION TITLED "THE PARTIES"

1. Universal Ensco admits the allegations of Paragraphs 1, on information and belief.

2. Universal Ensco admits the allegations of Paragraphs 2-3 related to Universal Ensco, and admits the allegations related to Patriot Energy Group ("PEG") on information and belief.

### FOR A FIRST DEFENSE TO SECTION TITLED "JURISDICTION AND VENUE"

3. Universal Ensco admits the allegations of the unnumbered Paragraph in this section.

### FOR A FIRST DEFENSE TO SECTION TITLED "FACTS"

4. Answering Paragraph 3, Universal Ensco admits the allegations of Paragraph 3 related to the formation of PEG, on information and belief. Answering further, Universal Ensco

admits that it was hired by PEG to manage and oversee the Project, but denies that it was the agent of PEG with actual and apparent authority at all times and for all purposes.

5. Universal Ensco admits the allegations of Paragraph 4, on information and belief except insofar as it alleges the steel pipe "accumulated substantial amounts of rust and debris" which allegation is denied.

6. In answering Paragraphs 5 and 6, Universal Ensco admits on information and belief that a contract was entered between PEG and Plaintiff, and refers to the terms of the Contract, which speak for themselves. Any allegations inconsistent with the terms of the contract between PEG and Plaintiff are denied. Universal Ensco denies that a true and correct copy of the Contract was attached to the Complaint. Answering further, Universal is unsure as to which specific pipe "allowed to sit dormant" was to be used in whole or in part and therefore denies same.

7. Answering Paragraph 7, Universal Ensco admits only that some work outside the scope of the Contract occurred, however Universal is unaware that not all of the approved work was reduced to written change orders as required and therefore denies same. Universal Ensco denies that changes in the scope of work was done at the direction of and approval of Universal Ensco, and lacks information sufficient to form a belief as to the allegations against PEG but denies any implication which may be construed to impose liability on Universal.

8. Answering Paragraph 8, Universal Ensco admits that Plaintiff installed matting on the Project, but it without information sufficient to form a belief as to the exact amounts installed and therefore denies the allegations as to specific amounts of matting installed. Answering further, the terms of the Contract speak for itself as to the amounts and conditions, and Universal Ensco is without information sufficient to form a belief as to amounts or other particulars of the

allegations or the actions of PEG, and therefore denies same.

9. Answering Paragraph 9, Universal Ensco admits that Plaintiff performed pigging at the Project, and refers to the Contract for what was to be done and the terms of payment for this service. Any allegations inconsistent with the terms of the Contract are denied.

10. On information and belief, Universal Ensco admits the allegations of Paragraph 10 that the steel pipe had been exposed to the elements for approximately three years, but denies the pipe had "substantial rust and debris. Answering further, Universal states that Plaintiff knew or should have known of this open and obvious condition at the time it submitted its bid package and should have bid accordingly.

11. Universal Ensco denies the allegations of Paragraph 11, and further denies that Universal Ensco was obligated to pay Plaintiff any amounts of money under the Contract between Plaintiff and PEG.

12. Universal Ensco denies the allegations of Paragraph 12, and further states that Plaintiff was permitted to blast where it had appropriate safety precautions in place. Universal specifically denies its actions caused any delays or resulted in any requirements outside the PEG/Plaintiff contract. Universal Ensco is without information sufficient to form a belief as to the allegations against PEG, and therefore deny same.

13. In answering Paragraph 13, Universal is unsure of which "Defendant" is being referenced and Universal Ensco denies the allegations of Paragraph 13, including all subparts (a) through (f) as they may be construed to apply to it, and demands strict proof thereof.

14. Universal Ensco is without information sufficient to form a belief as to the allegations of Paragraph 14, which are directed toward PEG but craves reference to the Contract. Universal specifically denies it refused to promptly sign off on invoices submitted by Smith, and

further denies any delay occurred as a result of its actions.

## FOR A FIRST DEFENSE TO FIRST CAUSE OF ACTION
### (Breach of Contract)

15.     Answering Paragraph 15, Universal Ensco incorporates by reference its responses to Paragraphs 1-14 as if restated verbatim herein.

16.     Universal Ensco denies the allegations of Paragraph 16 to the extent the allegations are directed against it and specifically that it entered any contract with Plaintiffs. To the extent the allegations are directed against PEG, Universal Ensco is without information sufficient to form a belief as to the allegations against PEG, and therefore deny same.

## FOR A FIRST DEFENSE TO SECOND CAUSE OF ACTION
### (Quasi-Contract)

17.     Answering Paragraph 17, Universal Ensco incorporates by reference its responses to Paragraph 1-17 as if restated verbatim herein.

18.     Universal Ensco denies the allegations of Paragraphs 18-23 to the extent the allegations are directed against it. To the extent the allegations are directed against PEG, Universal Ensco is without information sufficient to form a belief as to the allegations against PEG, and therefore deny same.

## FOR A FIRST DEFENSE TO THIRD CAUSE OF ACTION
### (Attorneys' Fees Pursuant to S.C. Code § 27-1-15)

19.     Answering Paragraph 24, Universal Ensco incorporates by reference its responses to Paragraphs 1-23 as if restated verbatim herein.

20.     Universal Ensco denies the allegations of Paragraphs 25-27 to the extent the allegations are directed against it. To the extent the allegations are directed against PEG, Universal Ensco is without information sufficient to form a belief as to the allegations against PEG, and therefore deny same.

**FOR A FIRST DEFENSE TO FOURTH CAUSE OF ACTION**
**(Breach of Implied Duty of Good Faith and Fair Dealing)**

21.     Answering Paragraph 28, Universal Ensco incorporates by reference its responses to Paragraphs 1-27 as if restated verbatim herein.

22.     Universal Ensco denies the allegations of Paragraphs 29-30, including subparts (a) – (c), to the extent the allegations are directed against it.  To the extent the allegations are directed against PEG, Universal Ensco is without information sufficient to form a belief as to the allegations against PEG, and therefore deny same.

**FOR A FIRST DEFENSE TO FIFTH CAUSE OF ACTION**
**(Negligence)**

23.     Answering Paragraph 31, Universal Ensco incorporates by reference its responses to Paragraphs 1-30 as if restated verbatim herein.

24.     Universal Ensco denies the allegations of Paragraphs 32-33, including all subparts, to the extent the allegations are directed against it.  To the extent the allegations are directed against PEG, Universal Ensco is without information sufficient to form a belief as to the allegations against PEG, and therefore deny same.

25.     Universal Ensco denies the allegations of Paragraph 34, and expressly denies that Plaintiff is entitled to any of the relief sought.

**FOR A SECOND DEFENSE TO ALL CAUSES OF ACTION**

26.     Plaintiff's Complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**FOR A THIRD DEFENSE TO ALL CAUSES OF ACTION**

27.     Universal Ensco had no contractual relationship with Plaintiffs, and owed no duty to Plaintiffs.

### FOR A FOURTH DEFENSE TO ALL CAUSES OF ACTION

28. Plaintiff's claims are barred by the doctrine of comparative negligence.

### FOR A FIFTH DEFENSE TO ALL CAUSES OF ACTION

29. Plaintiff's damages, if any, were caused by the superseding or intervening acts of others.

### FOR A SIXTH DEFENSE TO ALL CAUSES OF ACTION

30. Plaintiff's claim is barred by the defense of accord and satisfaction.

### FOR A SEVENTH DEFENSE TO EQUITABLE CAUSES OF ACTION

31. Plaintiff's claims are barred by the doctrine of laches.

### FOR AN EIGHTH DEFENSE TO CLAIM UNDER S.C. CODE ANN. § 27-1-15

32. Plaintiff's claim under S.C. Code § 27-1-15 is barred because did not make the due and just demand by certified or registered mail as required.

### FOR A NINTH DEFENSE TO ALL CAUSES OF ACTION

33. Plaintiff's claims for punitive damages are barred as unconstitutional.

### FOR A TENTH DEFENSE TO ALL CAUSES OF ACTION

34. Universal Ensco affirmatively pleads all defenses stated in Fed. R. Civ. P. 8(c) to the extent applicable based on information learned during the pendency of this matter, and reserves the right to amend its Answer as discovery progresses.

                        NELSON MULLINS RILEY & SCARBOROUGH LLP

                        By: /s Erik T. Norton
                              Howard A. VanDine, III, Fed. No. 1046
                              E-Mail: howard.vandine@nelsonmullins.com
                              Erik T. Norton, Fed. No. 09683
                              E-Mail: erik.norton@nelsonmullins.com
                              1320 Main Street / 17th Floor
                              Columbia, SC  29201
                              (803) 799-2000

                        Attorneys for Universal Ensco, Inc.

Columbia, South Carolina
September 26, 2011